IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **RADIADYNE HOLDCO, INC.** <br> **and JOHN ISHAM AS** <br> **SELLERS' REPRESENTATIVE,** <br><br> *Plaintiffs* <br><br> VS. <br><br> **ANGIODYNAMICS, INC.** <br><br> *Defendant* | § § § § § § § § § § § § § | **CIVIL ACTION NO: _____** |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs RadiaDyne Holdco, Inc. and John Isham, in his capacity as Sellers' Representative, (collectively, "Plaintiffs") file this Original Complaint against Defendant AngioDynamics, Inc., and respectfully state as follows:

### PARTIES

1. RadiaDyne Holdco, Inc. ("RadiaDyne Holdco") is a Texas corporation with its principal place of business in Houston, Harris County, Texas.

2. John Isham, in his capacity as Sellers' Representative ("Sellers' Representative"), is an individual currently residing in Davidson County, Tennessee.

3. AngioDynamics, Inc. ("AngioDynamics") is a Delaware corporation with its principal place of business in Latham, New York. AngioDynamics may be served by delivering a copy of the summons and complaint to Stephen A. Trowbridge, Executive Vice President, Chief Financial Officer, and General Counsel for AngioDynamics, at 14 Plaza Drive, Latham, New York 12110.

### JURISDICTION AND VENUE

4. This Court has original, subject matter jurisdiction over this civil action under 28 U.S.C. § 1332(a) because: (a) the amount in controversy exceeds $75,000, exclusive of interest and

costs; and (b) there is complete diversity of citizenship between Plaintiffs and AngioDynamics. The Court has personal jurisdiction over AngioDynamics because Plaintiffs' cause of action arises from or is directly related to AngioDynamics' contacts with Texas, as described herein. *See Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1780 (2017).

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District. Alternatively, venue is proper under 28 U.S.C. § 1391(b)(3) because AngioDynamics is subject to personal jurisdiction in this District with respect to this lawsuit.

## BACKGROUND FACTS

6. Prior to the transaction at issue in this lawsuit, RadiaDyne, L.L.C. ("RadiaDyne") was a Texas limited liability company in the business of researching, testing, designing, developing, manufacturing, and distributing radiation dose monitoring products and related medical devices assisting with delivery of radiation treatment to patients. RadiaDyne's principal place of business was in Harris County, Texas.

7. AngioDynamics represents itself as a provider of medical devices for use by radiologists.

8. On September 12, 2018, AngioDynamics, RadiaDyne, RadiaDyne Holdco, and Sellers' Representative entered into a Membership Interest Purchase Agreement (the "Agreement").[1] Under the Agreement, AngioDynamics purchased all membership interests of RadiaDyne.

9. More specifically, the purchase was facilitated by RadiaDyne Holdco acquiring all of RadiaDyne's membership interests under a "Company Reorganization" protocol prior to closing. Subject to additional terms and conditions in the Agreement, AngioDynamics then purchased RadiaDyne's membership interests directly from RadiaDyne Holdco.

---

[1] The Agreement is governed by the laws of the State of Delaware.

10. In return consideration, Section 2.2 of the Agreement required AngioDynamics to pay RadiaDyne Holdco an "Initial Purchase Price" that included an initial cash payment plus payments on certain technical milestones and working capital overage/underage costs, less certain seller transaction expenses. The Agreement required the Initial Purchase Price to be paid at the Closing Date. The Agreement also required AngioDynamics to pay an "Aggregate Purchase Price" consisting of the Initial Purchase Price, plus any contingent earn out payments and technical milestone payments earned following the Closing Date. The "Closing Date" of the Agreement was September 21, 2018.

11. On September 21, 2018, AngioDynamics paid the Initial Purchase Price to RadiaDyne Holdco, including one of the technical milestones identified in the Agreement. In 2019, AngioDynamics paid RadiaDyne Holdco funds related to a separate technical milestone identified in the Agreement. AngioDynamics paid all closing and post-closing funds *via* wire transfer to RadiaDyne Holdco's bank account at a Wells Fargo branch located in Harris County, Texas.

12. Importantly, Section 11.9(b) of the Agreement also required AngioDynamics to distribute to Sellers' Representative at the end of the "Holdback Period", "…any portion of the Indemnification Holdback Amount remaining…" The Agreement expressly states as follows:

> (b) <u>Termination of Indemnification Holdback Amount</u>. At the conclusion of the Holdback Period, any portion of the Indemnification Holdback Amount remaining, if any, shall be distributed to Sellers' Representative; <u>provided</u>, <u>however</u>, that no distribution shall be made with respect to such cash as may be necessary in the good faith judgment of Buyer to satisfy any unsatisfied claims under <u>Article VIII</u> or this <u>Article XI</u> made prior to the termination of the Holdback Period.

The "Indemnification Holdback Amount" is defined in the Agreement as $5 million. The Agreement defined the "Holdback Period" as "the period of time from the Closing Date through and including the date that is the eighteen (18) month anniversary of the Closing Date." As stated, the Closing Date of the Agreement was September 21, 2018. Accordingly, the Indemnification Holdback Amount of $5 million was due to be paid to Sellers' Representative on March 21, 2020.

13. AngioDynamics did not pay the $5 million Indemnification Holdback Amount when due, and has thereafter repudiated and ignored its obligation to pay the Indemnification Holdback Amount. There is no legal basis for AngioDynamics to withhold this payment from Plaintiffs.

14. Plaintiffs now sue to recover the Indemnification Holdback Amount owed by AngioDynamics, plus fees, costs, interest, and other relief identified below.

## CAUSE OF ACTION

### COUNT 1 - BREACH OF CONTRACT

15. Plaintiffs repeat, incorporate, and re-allege each and every prior factual allegation as if fully set forth within this cause of action.

16. The Agreement is a valid and enforceable contract among Plaintiffs and AngioDynamics.

17. Plaintiffs have fully performed all of their obligations under the Agreement.

18. Under the Agreement, AngioDynamics was obligated to pay $5 million for the Indemnification Holdback Amount on or before March 21, 2020 but has failed and refused to do so.

19. Accordingly, AngioDynamics breached and/or repudiated the Agreement and caused actual damages to Plaintiffs for which Plaintiffs now sue.

20. AngioDynamics' breach and/or repudiation of the Agreement was without justification or excuse. There is no legal basis for AngioDynamics to withhold this payment from Plaintiffs.

21. All conditions precedent to Plaintiffs' right to recover under the Agreement have been performed, satisfied, waived, or excused.

### REQUEST FOR ATTORNEYS' FEES

22. Plaintiffs seek and may recover their reasonable attorneys' fees and costs incurred in this suit pursuant to the Agreement, the laws of the State of Delaware, and/or other applicable law.

**PRAYER**

23.  Plaintiffs request AngioDynamics be cited to appear and answer and that on final trial, the Court enter a final judgment in favor of Plaintiffs against AngioDyanamics for the following relief:

    a.    An award of all damages sustained by Plaintiffs as a result of AngioDynamics' breach of contract, including but not limited to the "Losses" as defined in the Agreement;

    b.    An award of all prejudgment and post-judgment interest at the maximum allowable rate under applicable law;

    d.    All costs of court, as contractually and/or statutorily allowed, incurred by Plaintiffs to enforce the Agreement and recover the amounts owed by AngioDynamics;

    e.    All reasonable and necessary attorneys' fees, as contractually and/or statutorily allowed, incurred by Plaintiffs to enforce the Agreement and recover the amounts owed by AngioDynamics; and

    g.    Such other and further relief to which Plaintiffs may be entitled.

Respectfully submitted,

By: /s/ *J.J. Hardig, Jr.*
    J.J. Hardig, Jr.
    Texas Bar No. 24010090
    S.D. Tex. Bar No. 28907
    jhardig@grayreed.com
    GRAY REED & MCGRAW LLP
    1300 Post Oak Blvd., Suite 2000
    Houston, Texas 77056
    (713) 986-7000 (Phone) / (713) 986-7100 (Fax)
    **ATTORNEY-IN-CHARGE FOR PLAINTIFFS**

OF COUNSEL:

James J. Ormiston
Texas Bar No. 15307500
S.D. Tex. Bar No. 9151
jormiston@grayreed.com
Tyler J. McGuire
Texas Bar No. 24098080
S.D. Tex. Bar No. 2851455
tmcguire@grayreed.com
GRAY REED & MCGRAW LLP
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056
(713) 986-7000 (Phone) / (713) 986-7100 (Fax)